416 So.2d 307 (1982)
Jim RATLIFF, et al., Plaintiffs & Appellants,
v.
Charles BEARD, et al., Defendants & Appellees.
No. 8789.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1982.
*308 Liskow & Lewis, Lawrence P. Simon, Lafayette and Provosty, Sadler & deLaunay, David P. Spence, Alexandria, Wm. Henry Sanders, Jena, Plauche, Hartley, Lapeyre & Ottinger, Patrick S. Ottinger, Lafayette, Gaharan & Wilson, Joseph Wilson, Jena, for defendants & appellants.
J. P. Mauffray, Jr., Jena, Broadhurst, Brook, Mangham, Hardy & Reed, George Hardy, III, Lafayette, for plaintiffs & appellees.
Before CULPEPPER, DOMENGEAUX, FORET, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
This case was consolidated for trial and appeal with Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, et al, 416 So.2d 290, No. 8788 on our docket, in which a separate judgment is being rendered by us this date.
In this case Jim Ratliff, individually, and Royal Mineral Corporation, of which Ratliff is president, seek damages against defendants, Charles D. Beard, Jr. and Trinidad Petroleum Corporation, for trespass on the leased acreage, defamation of Ratliff by Beard by accusing Ratliff of theft of a pump, malicious prosecution, loss of business profits and interference with Ratliff's family. The trial judge rejected all claims for damages by Ratliff and Royal, and dismissed plaintiffs' suit. The defendants, Beard and Trinidad, were awarded $600 as attorney's fees. Ratliff and Royal appealed. Beard and Trinidad answered the appeal, seeking an increase in attorney's fees for the trial to the sum of $1,800, and an additional $1,200 as attorney's fees for this appeal, and also damages for frivolous appeal.
On appeal, plaintiff contends first that a judgment was rendered in the present matter on February 28, 1978 sustaining a rule to show cause filed by Royal to have its ownership of the lease from Pioneer dated February 16, 1976 recognized, to have the sequestration of minerals and revenues previously obtained by Trinidad recalled and to declare that Trinidad owned no interest in the minerals or royalties. Plaintiff contends no appeal was taken from the February 28, 1978 judgment, and it is therefore now res judicata.
A reading of the February 28, 1978 judgment shows that it was not rendered in the present case. The judgment contains the caption of the two cases consolidated in the trial court, Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, No. 14023 on the docket of the district court, and Jim Ratliff, et al v. Charles Beard, et al, No. 14528 on the docket of the trial court. The February 28, 1978 judgment applies only to Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, No. 14023 on the docket of the district court. Since the judgment did not apply to the present case, it is not res judicata in this case.
On the merits, plaintiff alleged five demands:

*309 1. Trespass on the leased acreage on June 25, 1976 by photographing and aerial viewing;
2. Defamation by Charles D. Beard, Jr. on June 25, 1976 of Jim Ratliff by accusing Ratliff of theft of a mud pump;
3. Interference with relational interest by defendants: i) threatening petitioners' associates; ii) contacting petitioners' associates; iii) publishing defamatory statements;
4. Interference with family relational interest by defendants who knew his daughter was ill;
5. Malicious prosecutionby Charles D. Beard, Jr. of Jim Ratliff for theft.
We will discuss these five claims in the order listed. As to the claim for damages for trespass on the leased acreage, we first note that the lease was to Royal, not to Ratliff individually, and therefore Ratliff individually has no claim for such trespass. As to Royal, we recognized in the companion case, Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, et al, 416 So.2d 290, No. 8788 on our docket, that Trinidad's lease was terminated before Royal acquired its lease from Pioneer on February 16, 1976, which lease was recorded on April 20, 1976. It is possible that Royal could have had a right of action for trespass if its possession of the lease was indeed disturbed. However, the contention that Royal's possession of its lease was disturbed by the filing of the original petition in Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, et al, 416 So.2d 290, No. 8788 on our docket, on June 29, 1976, would not constitute a trespass in law or in fact. As to the allegations of trespass by "photographing and aerial viewing," these activities did not constitute trespass of the rights of the mineral lessee, or cause any damages.
As to the claim by Ratliff against Beard for damages for defamation by accusing Ratliff of the theft of a pump, we have found in the companion case of Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, et al, 416 So.2d 290, No. 8788 on our docket, that Ratliff was actually guilty of conversion of the pump. Thus, neither Ratliff nor Royal are entitled to any damages in this regard.
As to the claim for damages for interference with Ratliff or Royal in selling its Pioneer lease, the evidence does not support any award of damages in this regard, because no damages were proved.
As to the claim for damages for interference with Ratliff's family, there is no proof of any damages in this regard.
As to the claim for damages for malicious prosecution by Beard of Ratliff for theft, we affirmed the trial court judgment in Trinidad Petroleum Corporation v. Pioneer Natural Gas Company, et al, 416 So.2d 290, No. 8788 on our docket, holding that Ratliff was guilty of conversion of the pump. Thus, Ratliff cannot claim damages for malicious prosecution.
As stated above, defendants answered the appeal seeking an increase in attorney's fees for services rendered in the trial court from the sum of $600 to the sum of $1,800, and seeking an additional $1,200 as attorney's fees for services rendered on this appeal. The award of attorney's fees to defendants is based on LSA-C.C. art. 2315.1, which was in effect at the time the defamation action at issue was filed, but which was repealed by Act 324 of 1980, and which read as follows:
"Art. 2315.1 Defamation, libel and slander; damages; attorneys fees; frivolous actions
A. In addition to general and special damages, the plaintiff who obtains a judgment because of having been defamed, libeled, or slandered may be awarded punitive damages and reasonable attorneys fees, if it is proved that the defamatory, libelous, or slanderous statement on which the action is based was made with knowledge of its falsity or with reckless disregard of whether it was false or not.
B. Should plaintiff in any action for defamation, libel, or slander not prevail, *310 and judgment be rendered in favor of the defendant, reasonable attorney's fees may be awarded to the defendant as an item of taxable costs if the court determines that the action was frivolous. In any such case, any retraction or correction made by defendant must be considered in mitigation of any damages to be awarded."
Attorney's fees can be awarded to defendants only as to the defamation portion of this case. We do not find the trial judge abused his discretion in awarding $600 to defendants as a reasonable attorney's fee for services rendered in the trial court in connection with the defamation claim. However, we will award to the defendants an additional sum of $200 as attorney's fees for services rendered in connection with this appeal.
We reject defendants' prayer for damages for frivolous appeal. The appeal is not frivolous.

DECREE
For the reasons assigned, the judgment appealed is amended to increase the award to defendants for attorney's fees from the sum of $600 to the sum of $800. Otherwise, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED, AS AMENDED.
DOUCET, J., dissents and assigns written reasons in 416 So.2d 290, No. 8788.
FORET, J., dissents for the reasons assigned by the district judge and those assigned by DOUCET, J., in 416 So.2d 290, No. 8788.